

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00591-CV

**IN RE** David Gordon **LEWIS**

Original Mandamus Proceeding[1]

Opinion by:     Patricia O. Alvarez, Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                  Marialyn Barnard, Justice
                  Patricia O. Alvarez, Justice

Delivered and Filed:  December 7, 2016

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator David Lewis seeks mandamus relief from an order holding him in contempt of court. This court stayed enforcement of the contempt order and requested a response. Real party in interest Debra Lewis timely filed a response. Because the trial court's September 16, 2016 contempt order is void, we conditionally grant David Lewis's petition for writ of mandamus.

### BACKGROUND

David Lewis filed an original petition for divorce from his wife, Debra Lewis, in October, 2015, in the county court at law of Kendall County, Texas. Debra filed an answer, and the parties engaged in litigation. On August 1, 2016, while the divorce proceeding was still pending, Debra filed a motion for enforcement seeking to have David found in contempt for alleged violations of

---

[1] This proceeding arises out of Cause No. 15-521-CCL, styled *In the Matter of the Marriage of David Gordon Lewis and Debra Lewis and In the Interest of W.G.L. and E.G.I., Children*, pending in the County Court at Law, Kendall County, Texas, the Honorable William R. Palmer Jr. presiding.

a "Standing Order Regarding Property and Conduct of Parties in Divorce and Suits Affecting the Parent-Child Relationship." The standing order was adopted by the district and county courts of Bandera, Gillespie, Kendall, and Kerr Counties; it became effective on May 11, 2016. After a hearing, on September 16, 2016, the trial court granted Debra's motion and ordered David confined in the Kendall County jail for 90 days, and David sought mandamus review of the contempt order.

## ANALYSIS

"Contempt of court is broadly defined as disobedience to or disrespect of a court by acting in opposition to its authority." *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding). "A criminal contempt conviction for disobedience to a court order requires proof beyond a reasonable doubt of: (1) a reasonably specific order; (2) a violation of the order; and (3) the willful intent to violate the order."[1] *Id.* If there is no evidence that the alleged contemnor violated the order, the order is void. *Id.* at 259–60.

Here, in her motion and in the evidence she presented at the hearing, Debra recited specific acts by David between December 1, 2015, and February 29, 2016, as evidence that he violated the May 11, 2016 standing order. David's actions taken months before the standing order became effective are no evidence that he violated the May 11, 2016 order. *See id.* at 259.

Because there was no evidence David violated the May 11, 2016 standing order, nor could he have violated a post-dated standing order, the trial court's September 16, 2016 contempt order is void. *See id.*

---

[2] The case before this court is involves a criminal contempt order because the order is "aimed at punishing a completed act. *Ex parte Werblud*, 536 S.W.2d 542, 545 (Tex. 1976) (orig. proceeding).

## CONCLUSION

We conditionally grant mandamus and order the trial court to vacate the order on the motion for enforcement signed on September 16, 2016.

Patricia O. Alvarez, Justice